# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| VERONICA JOYCE RAWLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00763-SGC |
| ) | |
| CHRISTINE WORMUTH, Secretary ) | |
| of the Army,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER[2]

Veronica Joyce Rawls filed the *pro se* complaint in this matter, alleging employment discrimination by the U.S. Army on the bases of her age and race. (Doc. 1).[3] Presently pending is the partial motion to dismiss filed by the Secretary of the Army, Christine Wormuth. (Doc. 9). The motion is fully briefed and ripe for adjudication. (Docs. 14, 19).[4] As explained below, the motion to dismiss is due to

---

[1] The complaint names former acting Secretary of the Army, John E. Whitley. (Doc. 1). The defendant's motion to dismiss notes the proper defendant is Christine Wormuth. (*See* Doc. 9 at 1). Accordingly, the Clerk of Court is **DIRECTED** to **AMEND** the docket sheet to show Secretary Wormuth is the proper defendant. The parties are **ORDERED** to use the caption appearing at the top of this order on all future pleadings.

[2] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 13).

[3] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: Doc. __ at __.

[4] Rawls responded to the motion to dismiss *pro se*. (Doc. 14). Counsel subsequently appeared for Rawls. (Doc. 21). During the intervening ten months, counsel has not moved to amend the complaint or supplement Rawls's *pro se* response to the motion to dismiss.

be granted, and all claims concerning one of the adverse employment actions alleged in the complaint are due to be dismissed; Rawls's claims concerning the other employment actions can proceed.

Rawls's complaint concerns three positions for which she applied but was not selected. (Doc. 1). The defendant contends Rawls failed to exhaust her claims concerning the earliest of those rejections and, thus, any resulting claims are due to be dismissed under Rule 12(b) of the *Federal Rules of Civil Procedure*. (Doc. 9). Specifically, the motion to dismiss is aimed at the plaintiff's claims regarding her non-selection for a position as "Aerospace Engineer (Foreign Military Sales), DB-0861-IV, temporary position, Apache Division, RDECOM, AMRDEC" (the "Position"). (*Id.* at 1; *see* Doc. 1 at 9). The motion notes Rawls learned she had not been selected for the Position on July 19, 2016. (Doc. 9 at 4; *see also* Doc. 1 at 9). The defendant asserts that because Rawls did not file a formal administrative complaint until January 30, 2017, the plaintiff failed to timely exhaust any claims related to the Position. (Doc. 9 at 5-8). Therefore, any claims arising from her non-selection to the Position are due to be dismissed under Rule 12(b). (*Id.*). Rawls's response concedes that her claims related to the Position can be dismissed. (Doc. 14 at 3).

Arguments regarding failure to exhaust administrative remedies are appropriately resolved on a 12(b) motion. *Bryant v. Rich,* 530 F.3d 1368, 1376-77

(11th Cir. 2008). A federal employee pursuing claims for age and/or racial discrimination must seek administrative review with the appropriate agency within 45 days of the alleged discriminatory act. *See* 29 U.S.C. § 633a(b); 42 U.S.C. § 2000e–16(b); 29 C.F.R. § 1614.105(a)(1). Claims concerning conduct occurring before the 45-day charging period generally are time-barred for failure to exhaust administrative remedies. *See Brown v. Snow,* 440 F.3d 1259, 1264–65 (11th Cir. 2006).

Here, there is no dispute that Rawls failed to seek administrative review of her non-selection for the Position within 45 days after learning she had been rejected. The plaintiff's concession that her claims related to the Position can be dismissed is a tacit admission of this fact. Accordingly, the defendant's partial motion to dismiss is **GRANTED**. (Doc. 9). All claims related to Rawls's non-selection for the Position are **DISMISSED** for failure to exhaust administrative remedies.

The plaintiff's remaining claims will proceed. The parties are **ORDERED** to conduct their Rule 26(f) meeting within fourteen calendar days. (*See* Doc. 20). The parties shall file a report of their planning meeting within twenty-one days of this order.

**DONE** this 20th day of September, 2022.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE